UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GILBERT LAW,<br><br>    Plaintiff,<br><br>    v.<br><br>STAR MOONEY, et al.,<br><br>    Defendants. | Case No. 23-cv-05287-JST<br><br>**ORDER ON PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Re: ECF No. 12 |

Before the Court for screening is Plaintiff Carlos Gilbert Law's second amended complaint ("SAC"). ECF No. 12. The court finds that the SAC sufficiently states a claim for the purposes of 28 U.S.C. § 1915(a).

**I.     PROCEDURAL BACKGROUND**

Plaintiff filed a complaint on October 17, 2023, alleging that San Francisco Police Department ("SFPD") Officers—Defendants Balingit, Star Mooney, and Russack arrested him without probable cause, and in violation of his Fourth Amendment rights. ECF No. 1 at 2. He brought Section 1983 claims against Defendants in their individual and official capacities. *Id.*

On November 13, 2023, the Court issued an order screening the complaint pursuant to 28 U.S.C. § 1915(a). The Court found that the complaint sufficiently stated a claim for relief against SFPD Officer Balingit in their individual capacity. ECF No. 8. The Court dismissed the complaint with leave to amend with respect to Officers Star Mooney and Russack because Plaintiff failed to allege any specific actions by them. *Id.* The Court also dismissed with leave to amend the claim against the officers in their official capacities for failure to allege facts supporting a policy or custom in the City and County of San Francisco that caused the alleged constitutional violation. *Id.*

1    On November 16, 2023, Plaintiff filed his first amended complaint ("FAC") alleging
2  additional facts. ECF No. 10. While the FAC named Officer Balingit as a defendant in the
3  caption, the body of the complaint stated a claim only against Officer Star Mooney. *Id.* The Court
4  reminded Plaintiff that an amended complaint completely replaces any previous complaint; that
5  naming a defendant in the caption is insufficient to state a claim against that person; and that
6  Plaintiff may not incorporate material from prior complaints by reference. ECF No. 11 at 1–2.
7  The Court granted Plaintiff leave to file an amended complaint. *Id.* Thereafter, Plaintiff timely
8  filed his SAC. ECF No. 12.

## II.   AMENDED ALLEGATIONS

Plaintiff alleges that he "was beaten with weapons and pepper sprayed by at least '10 people' 'on video surveillance' on the sidewalk of the 24th St. BART station." ECF No. 12 at 1. Plaintiff re-alleges the actions by Officer Balingit contained in his original complaint. *Id.* at 2; *see also* ECF No. 1 at 4–5. He alleges that he was "chased inside a business where [he] locked himself inside the restroom and 'dial[led] 911.'" *Id.* at 2. Officer Balingit then "detained [him in] handcuffs placed very tightly around his wrists," and "without probable cause detained, arrested, transported, and charged Plaintiff." *Id.*

Plaintiff also adds allegations about Officers Star Mooney and Officer Singh. Plaintiff alleges he told Officers Singh and Star Mooney that he "was attack[ed] and beaten by 10 people with weapons and pepper sprayed on (video)." *Id.* at 3–4. He also told Officers Singh and Star Mooney that he "was the victim" and that he "stabbed no person." *Id.* He states that both Officers Singh and Star Mooney read him his Miranda rights. *Id.* Despite his "pleas for help," Plaintiff claims that Officer Star Mooney told him he was being "arrested for violating California PC 245(A)(1)," and then Officers Star Mooney and Singh arrested him. *Id.* at 3–4. Plaintiff alleges the entire incident took place on the Officers' bodycams. *Id.*

Plaintiff was detained in San Francisco County Jail for six days. *Id.* at 2. The District Attorney dismissed the charges for lack of evidence and Plaintiff was released from jail. *Id.* Plaintiff now brings claims against the SFPD Officers involved in his arrest in their individual capacities. *Id.* at 2–4. With respect to the arrest, Plaintiff alleges that Defendants did not have

2

1  probable cause to arrest him because he was not seen stabbing anyone, there was "no victim," and
2  "no knife." *Id.* at 2, 4.  Based on these allegations, Plaintiff seeks compensatory and punitive
3  damages from Defendants.  *Id.* at 4.

### III.   LEGAL STANDARD

A court is under a continuing duty to dismiss a case whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

The standard under Section 1915(e)(2) parallels the language of the Federal Rules of Civil Procedure 12(b)(6)—dismissal of a complaint for failure to state a claim.  *Id.*  To survive a 12(b)(6) motion to dismiss, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard requires more than a "sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  A plaintiff may "plead[] facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Arista Recs., LLC v. Doe 3*, 603 F.3d 110, 120 (2d Cir. 2010)).  Furthermore, courts "relax pleading requirements where the relevant facts are known only to the defendant." *Id.* (citing *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995)).

As here, a "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## IV. DISCUSSION

Under 42 U.S.C. § 1983, an individual may assert a claim alleging a deprivation of a constitutional right. Section 1983 is not itself a source of substantive rights, but provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Plaintiff's SAC alleges Fourth Amendment violations premised on the unreasonable seizure of his person by Defendants in their individual capacity. Since Plaintiff is not pursuing a claim against Officer Russack, the Court analyzes Plaintiff's Section 1983 claim with respect to Officers Balingit, Star Mooney, and Singh.

Plaintiff alleges that Defendants arrested him without probable cause in violation of his Fourth Amendment rights. ECF No. 12. To state a claim under Section 1983 against a defendant in his individual capacity, a complaint must "(1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To make a valid claim for false arrest, the plaintiff "must plead facts that would show . . . the arrests were without probable cause." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012). "Probable cause exists when, under the totality of the circumstances *known to the arresting officers* (or within the knowledge of the other officers at the scene), a prudent person would believe that the suspect had committed a crime." *March v. Twin Cities Police Auth.*, No. 14-cv-00512-SI, 2014 WL 3725931, at *4 (N.D. Cal. July 25, 2014) (internal quotation marks and citation omitted) (emphasis added). "While conclusive evidence of guilt is . . . not necessary under this standard to establish probable cause, '[m]ere suspicion, common rumor, or even strong reason to suspect are not enough.'" *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

Drawing all reasonable inferences in Plaintiff's favor, his allegations are sufficient to raise the plausible inference that he was arrested without probable cause. Plaintiff alleges that he was not seen assaulting anyone, that there was no victim, and that no weapon was found. ECF No. 12 at 2. Despite this, Plaintiff states that Officer Balingit "detained [him in] handcuffs placed very tightly around his wrists," and "arrested, transported, and charged Plaintiff" for violating California Penal Code § 245(a)(1) (West 2012). *Id.* Plaintiff also alleged that he told Officers

4

Singh and Star Mooney that he was the victim and described that he was "beaten with weapons and pepper sprayed by at least ten people." *Id.* at 3–4.  Notwithstanding these facts, Plaintiff was arrested for assault with a deadly weapon. *Id.*  Liberally construed, the complaint alleges a false arrest claim.

## CONCLUSION

For the reasons discussed above, the Court finds that the complaint sufficiently states a claim for relief against SFPD Officers Balingit, Star Mooney, and Singh in their individual capacity.  Because Plaintiff has abandoned his claims against Officer Russack and against the Officers in their official capacities, these claims are dismissed with prejudice.

The court directs the Clerk of the Court to issue summons, and orders that the U.S. Marshal for the Northern District of California serve, without prepayment of fees, a copy of the SAC, and this order upon the Defendants.

**IT IS SO ORDERED.**

Dated:  April 15, 2024



_____
JON S. TIGAR
United States District Judge

5