1

2

3

4                             UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    CARLOS GILBERT LAW,                      Case No. 23-cv-05287-JST

8                    Plaintiff,

9          v.                                 **ORDER RESOLVING CROSS
                                              MOTIONS FOR SUMMARY**
10   STAR MOONEY, et al.,                     **JUDGMENT**

                                              Re: ECF Nos. 48, 51
11                   Defendants.

12

13         Before the Court is Plaintiff Carlos Gilbert Law's motion for summary judgment, ECF No.

14   48, and Defendants Antonio Balingit, Kevin Mooney, and Gurinderbir Singh's motion for

15   summary judgment, ECF No. 51.  The Court will deny Law's motion and grant Defendants'

16   motion.

17   **I.      BACKGROUND**

18           **A.      Factual Background**

19         Plaintiff Law alleges that he was falsely arrested in violation of the Fourth Amendment

20   and 42 U.S.C. § 1983.  ECF No. 1.  He contends that, on September 9, 2023, officers from the San

21   Francisco Police Department ("SFPD") beat him, subjected him to pepper spray, arrested him, and

22   detained him for six days, all without probable cause.  *Id.*  Defendants respond that officers had

23   ample probable cause to arrest Law for a stabbing that had been reported to SFPD, and also

24   because officers became aware, prior to Law's arrest, that he was the subject of an arrest warrant

25   issued in the State of Florida.  The evidence conclusively establishes the following facts regarding

26   these allegations:[1]

27   _____

28   [1] The relevant events are documented in large part by surveillance footage from the area and
     footage from the SFPD officers' body-worn cameras.  The Court therefore considers whether

United States District Court
Northern District of California

1    On September 9, 2023, several SFPD officers responded to a dispatch call reporting that

2 there was a stabbing incident near the intersection of 24th Street and Mission Street in San

3 Francisco.  ECF No. 51-6 ¶ 2.  One 911 caller described the suspect as an African-American male

4 in his 40s, roughly 5'4", with a skinny build, wearing a white t-shirt, red sweater, denim or grey

5 sweatpants, and carrying a floral backpack.  ECF No. 51-3.  The caller reported that the suspect

6 stabbed at least one person in the arm with a knife and ran into the donut shop at the corner of 24th

7 and Mission Streets.  *Id.*

8    Body-worn camera footage shows that when the SFPD officers arrived, bystanders

9 directed them toward the donut shop.  ECF No. 51-15.  They searched and found Law hiding in

10 the restroom.  Law told SFPD officers that he was the victim and had been beat by a group of

11 people and chased into the restroom of the donut shop.  *Id.*

12    SFPD spoke to an eyewitness, Robert Madden, on the scene, and the interview was

13 captured by the body-worn camera of Officer Ari Smith-Russack.  ECF No. 51-15.  Madden

14 identified Law as the person who was attempting to stab people.  ECF No. 51-15.  Madden stated

15 that Law had a knife out, was telling people he was going to kill them, then "started to go after

16 people" with a knife.  *Id.*  Madden said he saw Law stab someone, leaving a two-inch incision.

17 ECF No. 51-15.  Madden stated that the victim was a friend of Madden's, who then boarded a bus

18 and left the scene before SFPD arrived.  *Id.*  Madden said he and others then chased Law into the

19 donut shop across the street, Madden used pepper spray on him, and Law hid in the bathroom of

20 the donut shop.  *Id.* Madden said that Law stabbed the knife in Madden's direction three to four

21 times, and if Madden had not moved out of the way, Law would have stabbed him.  *Id.*  Based on

22 that interview, SFPD Officer Smith-Russack determined that there was probable cause to arrest

23 Law for a violation of California Penal Code section 245(a)(1)[2] for attempting to stab Madden

24

25 either party's "version of the facts is . . . blatantly contradicted by the video evidence" but bears in
mind that "[t]he mere existence of video footage of the incident does not foreclose a genuine

26 factual dispute as to the reasonable inferences that can be drawn from that footage."  *Vos v. City of
Newport Beach*, 892 F.3d 1024, 1028 (9th Cir. 2018) (citing *Scott v. Harris*, 550 U.S. 372, 378–79

27 (2007)).
[2] "Any person who commits an assault upon the person of another with a deadly weapon or

28 instrument other than a firearm shall be punished by imprisonment in the state prison for two,
three, or four years, or in a county jail for not exceeding one year, or by a dine not exceeding ten

United States District Court
Northern District of California

1    with a knife.  ECF No. 51-7 at 10.

2         Later that day, Defendant Mooney reviewed surveillance footage from the Department

3    Management.  ECF No. 51-8.  While the footage does not capture the entire incident, and the

4    individuals involved move in and out of frame, the footage shows a man in a red sweater, white

5    shirt and gray pants, wearing a floral backpack.  The man brandishes a knife or other sharp, shiny

6    object and then lunges at other individuals with the object.  *Id.*

7         Law is a Black male who is 5'4" tall.  ECF No. 51-2.  When SFPD located him on

8    September 9, 2023, he was wearing a white t-shirt and gray sweatpants and had a red sweater and

9    a camouflage backpack with him.  ECF No. 51-7 at 8.  There was blood on Law's shirt.  *Id.* at 6.

10   SFPD also identified a pool of blood on the sidewalk at the scene.  *Id.* at 9.  SFPD never located

11   the knife or the person who reportedly was stabbed.  *Id.* at 9.

## II.    JURISDICTION

13        The Court has jurisdiction under 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

15        Summary judgment is proper when a "movant shows that there is no genuine dispute as to

16   any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

17   A dispute is genuine only if there is sufficient evidence "such that a reasonable jury could return a

18   verdict for the nonmoving party," and a fact is material only if it might affect the outcome of the

19   case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When deciding a motion for

20   summary judgment, the court must draw "all justifiable inferences" in the nonmoving party's

21   favor and may not weigh evidence or make credibility determinations.  *Id.* at 255.

22        Where the party moving for summary judgment would bear the burden of proof at trial,

23   that party "has the initial burden of establishing the absence of a genuine issue of fact on each

24   issue material to its case."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474,

25   480 (9th Cir. 2000).  Where the party moving for summary judgment would not bear the burden of

26   proof at trial, that party "must either produce evidence negating an essential element of the

27

28

thousand dollars ($10,000), or by both the fine and imprisonment."  Cal. Pen. Code § 245(a)(1).

*United States District Court*
*Northern District of California*

1    nonmoving party's claim or defense or show that the nonmoving party does not have enough

2    evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire &*

3    *Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party satisfies

4    its initial burden of production, the nonmoving party must produce admissible evidence to show

5    that a genuine issue of material fact exists. *Id.* at 1102–03. It is not the court's duty "to scour the

6    record in search of a genuine issue of triable fact"; instead, the nonmoving party must "identify

7    with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*,

8    91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th

9    Cir. 1995)). If the nonmoving party fails to make the required showing, the moving party is

10   entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

11   **IV.    DISCUSSION**

12          An arrest is lawful under the Fourth Amendment when it is supported by probable cause.

13   *See Beier v. City of Lewiston*, 354 F.3d 1058, 1065 (9th Cir. 2004) ("That a police officer may

14   arrest a suspect only if he has probable cause to believe a crime has been committed is a bedrock

15   Fourth Amendment precept."). "Probable cause exists when under the totality of circumstances

16   known to the arresting officers, a prudent person would have concluded that there was a fair

17   probability that [the defendant] had committed a crime." *Grant v. City of Long Beach*, 315 F.3d

18   1081, 1085 (9th Cir. 2002) (citation and internal quotation marks omitted). "[T]he existence of

19   probable cause is a complete defense to a 42 U.S.C. § 1983 claim alleging false arrest." *Fortson v.*

20   *Los Angeles City Attorney's Off.*, 852 F.3d 1190, 1192 (9th Cir. 2017).

21          Law argues he is entitled to judgment as a matter of law on his false arrest claim because

22   he was arrested and held in jail for six days for a violation of California Penal Code § 245(a)(1)

23   even though there was no probable cause. He argues there was no probable cause because he told

24   the officers at the scene that he was the victim and had been chased and pepper-sprayed by a group

25   of 10 people, because there was no victim at the scene, and because law enforcement did not find a

26   knife. Defendants argue that there is no genuine dispute as to the existence of probable cause to

27   arrest Law because multiple witnesses told SFPD that they saw Law stab someone, other

28   witnesses told SFPD they saw Law brandishing a knife, and there was blood on the ground and on

United States District Court
Northern District of California

1   Law's shirt.

2          Defendant have offered sufficient evidence to show that they had probable cause to arrest

3   Law such that there is no genuine dispute of material fact as to that issue.  The undisputed

4   evidence shows that, considering the totality of the circumstances at the time of arrest, there was at

5   least a "fair probability," *Grant v. City of Long Beach*, 315 F.3d at 1085, that Law had committed

6   a crime.  Multiple 911 callers reported seeing a man matching Law's description stabbing or

7   attempting to stab people.  And while "merely matching a physical description reported over 911,

8   without more, has not been held to be sufficient probable cause for arrest absent other

9   corroborating evidence," *Smith v. City of Dalles*, No. 6:16-cv-01771-SI, 2021 WL 1040380, at *6

10  (D. Or. Mar. 17, 2021), courts consistently have recognized that an eyewitness identification

11  provides sufficient basis for probable cause.  *Harvey v. City of Oakland*, No. No. C07-01681 SBA,

12  2008 WL 4790785, at *4 (N.D. Cal. Oct. 28, 2008) (probable cause existed where "employees in

13  the vandalized stores identified the individuals in a surveillance video as the ones who vandalized

14  their stores"); *Hernandez v. Cnty. of Marin*, No. 11-cv-03085-JST, 2013 WL 4525640, at *5 (N.D.

15  Cal. Aug. 19, 2013) (probable cause for arrest existed where victim called police department and

16  identified plaintiff's vehicle as having been involved in a road rage incident); *Smith v. City of*

17  *Dalles*, No. 6:16-cv-01771-SI, 2020 WL 265204, at *2 (D. Or. Jan. 17, 2020) ("no reasonable

18  dispute that probable cause existed when . . . police had stopped Mr. Smith just blocks from the

19  scene shortly after the theft occurred, he matched the description of the suspect, and an eyewitness

20  had positively identified him, although from a block away").  Here, Defendants had an

21  identification from eyewitness Madden.  This was in addition to the corroborating evidence of the

22  911 calls matching Law's description, the blood at the scene and on Law's clothes, and the

23  absence of any stab wounds on Law.  Taken together, this evidence is more than sufficient to

24  establish that officers had probable cause to arrest Law.  "[T]he existence of probable cause is a

25  complete defense to a 42 U.S.C. § 1983 claim alleging false arrest." *Fortson v. Los Angeles City*

26  *Attorney's Off.*, 852 F.3d 1190, 1192 (9th Cir. 2017).

27         Law claims that the incident report, ECF No. 51-7, and the eyewitness Madden are

28  "complete lie[s] by Defendants," "total[ly] fabricated," and that Defendants "cannot corroborate or

1    substantiate . . . one word" of them.  ECF No. 55 at 5.  These aspersions, without more, do not

2    carry Law's burden in opposition.  "Bald assertions that genuine issues of material fact exist are

3    insufficient" to survive summary judgment.  *Galen v. County of Los Angeles*, 477 F.3d 652, 658

4    9th Cir. 2007); *see also Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1061 (9th Cir. 2011)

5    ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific

6    facts, not sweeping conclusory allegations.").  In any event, the body-worn camera footage—

7    which captured the officers' interview with Madden and also corroborates other statements in the

8    incident report—"blatantly contradict[s]" Law's claims that these pieces of evidence are

9    "complete lie[s]."  *Vos v. City of Newport Beach*, 892 F.3d 1024, 1028 (9th Cir. 2018).

10        Law further argues that he told SFPD he was innocent and that he himself was the victim,

11   and thus there was not probable cause to arrest him.  ECF No. 48 at 3.  The body-worn camera

12   footage shows that, virtually as soon as SFPD apprehended Law, he proclaimed himself to be "the

13   victim."  ECF No. 51-15.  But SFPD also immediately observed that Law had no stab wounds and

14   that his appearance "matches the description" of the suspect.  *Id.*  In these circumstances,

15   Defendants were permitted to "simply believe[]" another version of the incident "to be more

16   credible."  *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (probable cause

17   was beyond dispute where plaintiff told officers he acted in self-defense but officers found other

18   accounts to be more credible).

19        Likewise, Law's claims that there was "no victim" and "no knife" are irrelevant.  While

20   the person who allegedly was stabbed left the scene before SFPD arrived, in the end Law was

21   arrested based on probable cause that he had committed attempted assault against Madden—an

22   eyewitness who was still present on the scene when SFPD officers arrived and who spoke with

23   them extensively about the incident.  ECF No. 51-7 at 10.  And Law does not cite, and this Court

24   has not independently found, any case holding that the failure to recover a weapon defeats a

25   finding of probable cause.  Nor does the fact that Law was eventually released without being

26   charged undermine the existence of probable cause at the time of arrest.  *See Baker v. McCollan*,

27   443 U.S. 137, 145 (1979) ("The Constitution does not guarantee that only the guilty will be

28   arrested.  If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed,

United States District Court
Northern District of California

6

for every suspect released.").[3]

## CONCLUSION

For the foregoing reasons, Law's motion for summary judgment is denied and Defendants' motion for summary judgment is granted.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  September 18, 2025



_____
JON S. TIGAR
United States District Judge

---

[3] Having reached the conclusion that there is no genuine dispute of material fact as to whether Defendants had probable cause to arrest Law for a violation of California Penal Code Section 245(a)(1) and thus summary judgment should be granted for Defendants, the Court does not address Defendants' arguments regarding probable cause based on Law's Florida arrest warrant or Defendants' entitlement to qualified immunity.